T.C. Summary Opinion 2017-90

UNITED STATES TAX COURT

PAUL CHEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14798-16S.                    Filed December 13, 2017.

Paul Chen, pro se.

<u>Jason T. Scott</u>, for respondent.


SUMMARY OPINION

PANUTHOS, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

---

[1]Unless otherwise indicated, subsequent section references are to the
(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated March 28, 2016, respondent determined a deficiency of $4,389 in petitioner's 2014 Federal income tax.

After a concession,[2] the issue for decision is whether petitioner is entitled to deduct $8,430 as a commission rebate on his 2014 Schedule C, Profit or Loss From Business.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference. Petitioner resided in California when his petition was timely filed.

During the year in issue petitioner was a real estate broker and earned client commissions from purchases and sales of real estate. Petitioner had agreements with clients whereby he would rebate a portion of the commission earned if the

---

[1](...continued)
Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Petitioner concedes that he received and failed to report $12,750 in non-employee income for 2014, as determined in the notice of deficiency. Other adjustments in the notice of deficiency are computational and will be resolved by the Court's conclusion on the deduction issue.

client performed most of the work with respect to finding a property to purchase or showing a property for sale. The rebate amount was computed as percentage of the total commission earned by petitioner.

In 2014 petitioner entered into a commission rebate agreement with his client, Jackson Yuen.[3] In May 2014 Mr. Yuen purchased a house for $510,000 and petitioner received a commission of $12,750 from this transaction. On May 15, 2014, petitioner wrote a check payable to Mr. Yuen for $8,430 pursuant to the commission rebate agreement.

For taxable year 2014 four Forms 1099-MISC, Miscellaneous Income, were issued to petitioner as follows: (1) Intero Lincoln Castle View Realty d.b.a. Intero, reporting nonemployee compensation of $20,375; (2) Meritage Homes of California, Inc., reporting nonemployee compensation of $31,265; (3) NRT West, reporting nonemployee compensation of $29,375; and (4) Taylor Morrison

---

[3]The agreement, dated April 2, 2014, reflects the following commission rebate structure: (1) for a purchase price of up to $299,999, the client receives a rebate equal to 65% of petitioner's commission; (2) for a purchase price of $300,000 to $999,999, the client receives a rebate equal to 70% of petitioner's commission; (3) for a purchase price of $1 million to $1,999,999, the client receives a rebate equal to 75% of petitioner's commission; (4) for a purchase price of $2 million to $2,999,999, the client receives a rebate equal to 80% of petitioner's commission; and (5) for a purchase price greater than $3 million the client receives a rebate equal to 90% of petitioner's commission.

California LLC, Northern California Division, reporting nonemployee compensation of $40,000.

Petitioner timely filed a 2014 Form 1040, U.S. Individual Income Tax Return, attaching a Schedule C. Under the business name Angel Investment Realty, petitioner reported $108,265 in gross receipts and total expenses of $90,206, including $78,604 for commissions and fees paid.

In the notice of deficiency respondent determined that petitioner had failed to report $12,750 in taxable income, the difference between the $121,015[4] total amount reported on the Forms 1099-MISC issued to petitioner for 2014 and the $108,265 reported as Schedule C gross receipts on petitioner's 2014 Form 1040. Respondent did not disallow any of the deductions claimed on petitioner's Schedule C. Petitioner timely filed a petition in which he conceded that he had failed to report $12,750 in taxable income, asserting that he is entitled to an additional deduction for a commission rebate paid.

At trial petitioner asserted that he had an additional corresponding deduction of $8,430, representing the commission rebate he paid to Mr. Yuen.[5]

---

[4] $20,375 + $31,265 + $29,375 + $40,000 = $121,015.

[5] Petitioner asserted in his petition that for "2014, I omitted one income commission from a client, totaling to $12,750. However, I did credit some of my

(continued...)

Petitioner asserted that he kept records of the commissions received and corresponding commission rebates paid to clients for taxable year 2014 and that he did not bring these records to court but could provide them to respondent. At the conclusion of the trial, the Court ordered that the record would remain open and provided petitioner additional time to provide respondent with copies of canceled checks or any other documentation to substantiate the $8,430.

Subsequently, respondent filed a status report in which he asserts that petitioner provided copies of documents (six canceled checks and one document titled "Instructions for Disbursement of Commission") purportedly reflecting seven instances in which petitioner paid commission rebates to buyers. The amounts reflected on these documents total $70,184. Respondent asserts that "[g]iven that the new information provided by Petitioner purportedly substantiates an amount less than the already allowed deduction, it remains Respondent's

---

[5](...continued)
commission to the buyer. For this particular client, I gave the client credit and check in the total amount of $10,176.50." At trial petitioner asserted that the deduction was for a commission rebate of $8,430 paid to Mr. Yuen and provided a copy of the check payable to Mr. Yuen reflecting this amount.

position" that petitioner has not provided substantiation for the additional amount claimed.[6]

## Discussion

Deductions are a matter of legislative grace, and a taxpayer is required to maintain records sufficient to substantiate expenses underlying deductions claimed on his or her return. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.; see New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Section 162(a) generally allows deductions for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. In general, no deduction is permitted for personal, living, or family expenses. Sec. 262(a). The taxpayer bears the burden of proving that expenses were of a business nature rather than personal and that they were ordinary and necessary. Rule 142(a); Welch v. Helvering, 290 U.S.111, 115 (1933).

If the taxpayer is able to establish that he paid or incurred a deductible expense but is unable to substantiate the precise amount, the Court generally may approximate the deductible amount, but only if the taxpayer presents sufficient evidence to establish a rational basis for making the estimate. See Cohan v.

---

[6]Petitioner did not file a status report or otherwise express disagreement with respondent's status report. Subsequently, the Court closed the record and deemed the matter submitted.

Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); see also Vanicek v.

Commissioner, 85 T.C. 731, 742-743 (1985).

Petitioner seeks to deduct $8,430 as a commission expense, in addition to the deduction of $78,604 for commissions and fees already claimed on his Schedule C.  Petitioner has not provided any evidence to prove that the $8,430 was not included as part of the claimed deduction of $78,604.  Therefore, we conclude that petitioner has not satisfied his burden of proof and he is not entitled to this additional deduction.

To reflect the foregoing,

Decision will be entered for

respondent.